<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AL-QUADIR WEBB, | |
| Plaintiff, | Civil Action No. 12-3592 (DRD) |
| v. | |
| CITY OF NEWARK, et al., | **OPINION** |
| Defendants. | |

**APPEARANCES**:

      STACEY VAN MALDEN, ESQ.
      PAUL A. GOLDBERGER, ESQ.
      Goldberger & Dubin, PC.
      401 Broadway
      New York, New York 10013
         *Attorneys for Administrator of the Estate of Al-Quadir Webb*

      GARY S. LIPSHUTZ, ESQ.
      KAREN BROWN, Corporation Counsel
      City of Newark - Department of Law
      920 Broad Street, Room 316
      Newark, New Jersey 07102
         *Attorneys for Defendants*

**Debevoise, Senior U.S. District Judge**

Presently before this Court are (1) a motion to extend the time to request reopening of the case and to file a motion to substitute, and (2) a motion to substitute the Administrator of the Estate of Al-Quadir Webb as plaintiff, pursuant to Rule 25(a), as a result of the death of Plaintiff.   (ECF Nos. 20, 23.)   Defendants filed a brief, declaration, and exhibits opposing the motions, and Plaintiff filed a Reply.   (ECF No. 22.)   For the reasons set forth below, this Court will grant both

motions, direct the Clerk to reopen the case, and allow the Administrator of the Estate of Al-Quadir Webb to file an amended complaint substituting the Administrator for Plaintiff.

## I.   BACKGROUND and PROCEDURAL HISTORY

This case arises from the shooting of Plaintiff Al-Quadir Webb on the evening of Saturday, October 15, 2011, by Newark Police Officer Wyhidi Wilson.   Plaintiff filed a Complaint against the City of Newark, Newark Police Director Samuel A. DeMaio, and Newark Police Officers Wilson and Kevin Johnson asserting claims under 42 U.S.C. § 1983 and New Jersey law.   Plaintiff asserted in the Complaint that on October 15, 2011, as Plaintiff was walking from his father's Chrysler vehicle toward his mother's home at 25 Johnson Avenue in Newark, Defendant Wilson, dressed in a police uniform, got out of a police vehicle, stopped Plaintiff from entering his mother's residence, and accused Plaintiff of stealing the car.   Plaintiff alleged that he walked back to the car, unlocked it, and got in, with the intention of showing Wilson the paperwork for the car.   He alleged that Defendant Wilson followed Plaintiff as he walked toward the car and threatened to shoot him if he started the car.   Plaintiff asserts that, fearing for his life, he "turned the key in the ignition," and that "Wilson, standing next to Plaintiff's open car door, shot Plaintiff in the back with his service weapon."   (Complaint, ECF No. 1 at 6.)   Plaintiff stated that he lost control of the car, which hit another car and flipped on its side, while Wilson continued shooting at Plaintiff. Plaintiff states that, after extricating Plaintiff from the car, police officers placed him under arrest.

According to the Complaint, Plaintiff was hospitalized at the University of Medicine and Dentistry of New Jersey, while in police custody, until November 15, 2011.   On that date, he was taken to Essex County Jail, which refused to admit him due to his medical condition, and he was returned to UMDNJ.   Plaintiff asserted that law enforcement officials denied Plaintiff access to

his family members until December 19, 2011, when Superior Court Judge Isabella ordered them to allow Plaintiff's family to visit him in the hospital.   Plaintiff alleged that on January 23, 2012, Judge Isabella ordered Plaintiff's release on his own recognizance in order to receive rehabilitative services.   Plaintiff asserted that the first bullet lodged deeply into his spinal column and that the injury rendered him a permanent paraplegic.   He alleged that he needed round the clock skilled nursing care and he could not feed himself, dress himself or perform any activity requiring use of his limbs.

Plaintiff claimed that Defendant Wilson had no reason to stop him or to use deadly force, and that the Newark police did not have probable cause to arrest him.   He claimed that Defendants Wilson and Johnson violated the Fourth Amendment and 42 U.S.C. § 1983 by stopping him without reasonable suspicion, using or failing to prevent the use of excessive force, and arresting him without probable cause.   Plaintiff claims that Police Director DeMaio and the City of Newark caused the violation of his Fourth Amendment rights by maintaining a practice and policy of allowing and encouraging police officers to unlawfully stop persons, to arrest persons without probable cause, and to use excessive force, which policy amounted to deliberate indifference to the Fourth Amendment rights of persons coming into contact with police, such a Plaintiff. Plaintiff also claimed that Defendants are liable under the New Jersey Tort Claims Act and the New Jersey Constitution, and that they committed assault and battery and otherwise violated his rights under New Jersey law.

Plaintiff filed the Complaint on March 14, 2012.   Defendants filed Answers on July 26, 2012, and October 15, 2012.   As a result of the parties' request to stay the matter until the criminal charges against Plaintiff were resolved, on March 21, 2013, this Court ordered the Clerk to

3

administratively terminate the action, without prejudice to a party's right to reactivate the case by way of letter within 14 days of the date of the resolution of the criminal charges in the Superior Court of New Jersey, Law Division.   (ECF No. 13.)

On May 29, 2014, Stacey Van Malden, the attorney for Plaintiff, filed a letter notifying the Court that Plaintiff died on May 22, 2014; Van Malden stated that she would move to reopen the case and amend the Complaint once an Administrator of Plaintiff's estate was appointed.   (ECF No. 19.)   On November 12, 2014, Jomear K. Martin, the Administrator of the Estate, filed a motion for an order to restore this case to the active docket, to substitute Jomear K. Martin, Administrator of the Estate of Al-Quadir Webb, as Plaintiff, and to amend the Complaint to that effect.   (ECF No. 20.)   Van Malden, the attorney for the Administrator, filed a affirmation in which she states that on November 10, 2014, Jomear K. Martin was appointed Administrator for the Estate of Al-Quadir Webb, in Docket No. 2014-2189, Essex County Surrogate's Court, State of New Jersey.    On November 13, 2014, the Essex County Surrogate issued a certificate naming Jomear K. Martin as Administrator of the Estate of Al-Quadir Webb.   (ECF No. 25.)

Defendants filed a brief opposing the motion, arguing that the motion to substitute is untimely under Federal Rule of Civil Procedure 25(a) and that the motion to restore is untimely under the 14-day limit set forth in Order filed on March 21, 2013.   (ECF No. 22.)   Counsel for Defendants filed a declaration averring that a grand jury failed to issue an indictment against Defendant Wilson with respect to the October 15, 2011, incident, and that on June 30, 2014, the Superior Court dismissed the criminal charges against Al-Quadir Webb due to his death.   (ECF No. 22-1.)   The Administrator of the Estate filed a Reply arguing that the motion to substitute is not untimely under Rule 25(a) because no statement noting death was served on the Administrator.

4

The Administrator also argues that the time to file a motion to restore the case to the active docket should be extended because counsel representing Al-Quadir Webb in the criminal proceeding was not served the order dismissing the criminal charges until she received Defendants' opposition to the motion to substitute on November 21, 2014.   (ECF No. 24.)

## II.   DISCUSSION

### A.   Motion to Restore the Action

This Court's March 21, 2013, Order administratively terminated this case at the request of the parties until the criminal proceeding against Plaintiff was resolved by the Law Division of the Superior Court of New Jersey, "without prejudice to a party's right to reactivate the case by way of letter no later than fourteen days after the criminal case against the plaintiff in the New Jersey Superior Court, Law Division - Criminal is resolved[.]"   (ECF No. 13.)   The face of the order dismissing the criminal charges against Plaintiff establishes that the County Prosecutor prepared the recommendation for dismissal on June 30, 2014, and that Superior Court Judge Hutchins-Henderson signed it on the same day.   Nothing on he face of the document indicates that it was served on Stacey Van Malden, who represented Webb in that proceeding.   Moreover, Defendants have not shown that the prosecutor's request for dismissal or the order of dismissal was served on Van Malden.   As Ms. Van Malden has averred that she did not receive notice of the dismissal until November 21, 2014, and Defendants have filed nothing to contest her averment, this Court will grant the motion to extend the time, and grant the motion to reopen the case.

### B.   Motion to Substitute

Federal Rule of Civil Procedure 25(a) governs the procedure for substitution after the death of a party.   The Rule provides in relevant part:

(a) Death.

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

*     *     *

(3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1) and (a)(3).

Defendants oppose the motion to substitute on the ground that it was not filed within 90 days of the filing of attorney Van Malden's May 29, 2014, letter informing the Court and Defendants of the death of Plaintiff.   However, "Rule 25(a)(3) requires that both the motion to substitute and the suggestion of death be served pursuant to Rule 5 for parties and pursuant to Rule 4 for nonparties."   Giles v. Campbell, 698 F.3d 153, 157 (3d Cir. 2012); see also Fed. R. Civ. P. 25(a)(3).   In this case, Jomear K. Martin, the Administrator of Webb's estate, is a nonparty to this action who must be served with the suggestion of death in the manner set forth in Rule 4.   See Giles, 698 F.3d at 157.   Because Van Malden's May 29, 2014, letter was not (and could not have been) served on the Administrator of Webb's estate, as the Administrator was not appointed until November 10, 2014, the 90-day time limit under Rule 25(a)(1) to file a motion to substitute was not triggered by the letter.

Defendants nevertheless argue that the Administrator of Webb's estate was served with the suggestion of death because Ms. Van Malden represented Webb and she now represents the

Administrator of his estate.   This argument is foreclosed by Giles, 698 F.3d at 158, and Bass v.
Attardi, 868 F.2d 45, 50 n.12 (3d Cir. 1989), which held that service on the deceased party's
attorney did not satisfy the requirement in Rule 25(a)(3) that the suggestion of death be served on
the decedent's successors or representatives.   Because Van Malden's representation of Webb
ceased upon his death and May 29, 2014, letter was not served on Webb's representative or
successors, the 90-day time limit of Rule 25(a)(1) has not begun to run and the motion to substitute
is not untimely.   Id.

Although Defendants do not argue that Webb's claims were extinguished upon his death,
(ECF No. 22), this Court cannot grant the motion to substitute unless Webb's claims survive his
death.   See Fed. R. Civ. P. 25(a)(1).   The survival of civil rights actions under 42 U.S.C. § 1983
upon the death of a party is governed, pursuant to 42 U.S.C. § 1988, by the law of the forum state,
"so far as the same is not inconsistent with the Constitution and laws of the United States."   42
U.S.C. § 1988; Robertson v. Wegmann, 436 U.S. 584 (1978); Giles, 698 F.3d at 156.   Counsel
for the Administrator of Webb's estate relies on N.J. Stat. Ann. §§ 2A:31-1 and 2A:15-3 for the
proposition that Webb's claims were not extinguished by his death. Section 2A:15-3 provides:
"Executors and administrators may have an action for any trespass done to the person or property,
real or personal, of their testator or intestate against the trespasser, and recover their damages as
their testator or intestate would have had if he was living."   N.J. Stat. Ann. § 2A:15-3.   See
McFarland v. Miller, 14 F.3d 912, 917-918 (3d Cir. 1994); Smith v. Whitaker, 160 N.J. 221, 233
(1999) (observing that the "survivor's Act, now codified as N.J.S.A. 2A:15-3 . . . preserves to the
decedent's estate any personal cause of action that decedent would have had if he or she had

7

survived."); <u>Souvay v. Fricke</u>, 11 N.J. Misc. 882, 883-84 (1933) (holding that the word "trespass" means tort or wrong). N.J. Stat. Ann. § 2A:31-1 provides:

> When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime.

N.J. Stat. Ann. § 2A:31-1.   See <u>The Tungus v. Skovaard</u>, 358 U.S. 588, 594 ("Obviously the New Jersey wrongful death statute embraces a claim for death negligently caused."); <u>Alexander v. Whitman</u>, 114 F.3d 1392, 1398-99 (3d Cir. 1997).

These statutes establish that Webb's claims were not extinguished by his death.  These New Jersey laws are not inconsistent with the policies underlying § 1983, which "include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law."   <u>Robertson</u>, 436 U.S. at 591.   Because Defendants have not argued or established that Webb's claims were extinguished by his death, New Jersey law allows the claims to survive Webb's death, and these survivorship laws are not inconsistent with the policies underlying § 1983, this Court holds that Webb's claims were not extinguished by his death.   This Court will, therefore, grant the motion to substitute Jomear K. Martin, Administrator of the Estate of Al-Quadir Webb, as plaintiff and to file an amended complaint.

## III.   CONCLUSION

This Court grants the motion to extend the time to request reinstatement of the case and grants the motion to substitute Jomear K. Martin, Administrator of the Estate of Al-Quadir Webb, as plaintiff.


                                                                      __s/Dickinson R. Debevoise_____

                                                                       DICKINSON R. DEBEVOISE
                                                                         U.S.S.D.J.

Dated:   February 27, 2015